UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTY DEAKLE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-1554 |
| WESTBANK FISHING, LLC, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court are three motions for partial summary judgment, by defendants Westbank Fishing, LLC, the F/V MARIA C, and Certain Underwriters at Lloyd's Syndicates XLC, LIB, and AMA. Specifically, defendants move for partial summary judgment on (1) plaintiffs Christy Deakle and Kiara Urby's state-law claims, and any claims brought by Kiara and Scarlett Urby;[1] (2) personal claims by Christy Deakle;[2] and (3) plaintiffs' claims for maintenance and cure, and for punitive damages.[3] Plaintiffs oppose the motion for summary judgment on maintenance and cure, and punitive damages.[4] Plaintiffs do not oppose the other two motions.[5]

---

[1] R. Doc. 54.
[2] R. Doc. 56.
[3] R. Doc. 57.
[4] R. Doc. 83.
[5] R. Doc. 81 at 3; R. Doc. 82 at 3.

For the following reasons, the Court grants defendants' motions for partial summary judgment.

I.   BACKGROUND

This case arises out of a death aboard the F/V MARIA C on June 3, 2019. Decedent Bryan Urby was working as a fisherman aboard the vessel when he began to show signs of heat distress.[6] The United States Coast Guard airlifted Mr. Urby to University Medical Center in New Orleans, where he was pronounced dead.[7]

Christy Deakle is the personal representative of Mr. Urby and his two children, Scarlett and Kiara Urby.[8] Ms. Deakle is also the mother and legal guardian of Scarlett and Kiara Urby.[9] On May 28, 2020, plaintiffs Christy Deakle and Kiara Urby filed suit in this Court, alleging that defendants' negligence contributed to Mr. Urby's death.[10] Plaintiffs assert claims of

---

[6]  R. Doc. 57-4 at 2-5.
[7]  *See* R. Doc. 57-5 at 3-4; R. Doc. 57-6 at 2; R. Doc. 83-11 at 4.
[8]  *See* R. Docs. 81-6, 81-7 & 81-8. The record is inconsistent as to whether Scarlett Urby's name is spelled "Scarlet" or "Scarlett." The Court herein adheres to the spelling, "Scarlett," which is the spelling used in Christy Deakle's guardianship documents. R. Doc. 81-6 at 1.
[9]  R. Doc. 81-6 at 1; R. Doc. 43 at 1.
[10] R. Doc. 1. Plaintiffs twice amended and supplemented their complaint. *See* R. Doc. 23-1; R. Doc. 43. Plaintiffs' operative complaint is the Second Supplemental and Amending Complaint for Damages, at R. Doc. 43.

2

negligence and unseaworthiness under the Jones Act,[11] the Death on the High Seas Act ("DOHSA"),[12] and Louisiana state law.[13] They also seek damages under general maritime law for defendants' alleged failure to furnish maintenance and cure, and punitive damages for that failure.[14] Further, plaintiffs claim damages for defendants' negligence, including: survival[15] and wrongful-death damages,[16] loss of financial support,[17] guidance,[18] and education[19] to decedent's children, and loss of consortium to Christy Deakle.[20]

Defendants now move for partial summary judgment on certain of plaintiffs' claims. The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[11] R. Doc. 43 ¶¶ 29-31.
[12] *Id.* ¶¶ 30-31.
[13] *Id.* ¶ 3.
[14] *Id.* ¶ 32.
[15] *Id.* ¶ 33.a.
[16] *Id.* ¶¶ 33.b, 34.a.
[17] *Id.* ¶¶ 33.c, 34.b.
[18] *Id.* ¶¶ 33.d, 34.c.
[19] *Id.* ¶¶ 33.e, 34.d.
[20] *Id.* ¶ 34.e.

judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257,

4

1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Claims Under State Law

Defendants first seek summary judgment on plaintiffs' claims under Louisiana state law. They contend that these claims are preempted by the federal statutes that plaintiffs invoke.[21] Plaintiffs do not oppose defendants' motion for summary judgment on these claims.[22]

The Supreme Court has long held that the Jones Act preempts state-law remedies for the death or injury of a seaman. *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 26 (1990) (citing *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 154-56) (1964); *Lindgren v. United States*, 281 U.S. 38, 44 (1930) ("It is plain that the [Jones] Act . . . necessarily supersedes the application of the death statutes of the several States."). The Court has also held that DOHSA, which governs suits for death caused by negligence occurring "beyond 3 nautical miles from the shore of the United States," 46 U.S.C. § 30302, preempts state-law claims arising from a death on the high seas. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 231-32 (1986).

Here, in addition to their DOHSA and Jones Act claims, plaintiffs bring claims under Louisiana's general tort-liability statute, La Civ. Code art. 2315,

---

[21] R. Doc. 54-1 at 4-5.
[22] R. Doc. 81 at 3.

as well as its survival and wrongful-death statutes, La Civ. Code arts. 2315.1, 2315.2.[23] Under clear Supreme Court precedent, plaintiffs' state-law claims are preempted by both the Jones Act and DOHSA. Defendants are entitled to summary judgment dismissing plaintiffs' state-law claims.

### B. Claims for Maintenance & Cure and Punitive Damages

Defendants also move for summary judgment on plaintiffs' claims for maintenance and cure.[24] Defendants contend that decedent Bryan Urby is not owed maintenance arising out of his injury because he died within hours after becoming ill,[25] and that he is not owed cure because plaintiffs have produced no evidence of medical expenses.[26] They further argue that plaintiffs' claims for punitive damages arising out of the alleged failure to furnish maintenance and cure must fail.[27] Plaintiffs oppose the motion, asserting that defendants owe maintenance for the hours between Urby's becoming ill and his death,[28] and that they owe cure for medical expenses assertedly incurred.[29]

---

[23] R. Doc. 43 ¶ 3.
[24] R. Doc. 57-1 at 1.
[25] *Id.* at 4.
[26] *Id.*; R. Doc. 103 at 2-3.
[27] R. Doc. 57-1 at 4.
[28] R. Doc. 83 at 8-9.
[29] *Id.* at 9-10.

Maintenance and cure are obligations of a shipowner to cover the expenses of a seaman when he becomes ill or injured during his service to the ship. *McBride v. Estis Well Serv., LLC*, 853 F.3d 777, 783 (5th Cir. 2017) (citing *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002)). "Maintenance" includes the costs of the seaman's food, lodging, and lost wages, while "cure" includes the costs of medical treatment. *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 413 (2009) (citations omitted). The obligation to furnish maintenance and cure terminates when it becomes "probable that further treatment will result in no betterment in the claimant's condition." *McBride*, 853 F.3d at 783 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The duty arises from the contract of employment and applies irrespective of whether there is negligence or culpability on the part of the shipowner. *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938) (citations omitted); *Brister v. AWI, Inc.*, 946 F.2d 350, 360 (5th Cir. 1991); *see also Nichols v. Weeks Marine, Inc.*, 513 F. Supp. 2d 627, 638 (E.D. La. 2007) ("Maintenance and cure is the implied right of the seaman arising from his or her employment relationship with the shipowner and is 'independent of any other source of recovery for the seaman . . . .'") (quoting *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1994)).

To recover for unpaid maintenance and cure, a claimant must show that he has incurred the relevant expenses. *Hall v. Noble Drilling (U.S.), Inc.*, 242 F.3d 582, 587-90 (5th Cir. 2001); *Marine Drilling, Inc. v. Landry*, 302 F.2d 127, 128 (5th Cir. 1962) ("[O]ne who has not paid his own expenses . . . cannot recover maintenance and cure from the ship owner."). The burden is on the seaman to show that he is entitled to maintenance and cure. *Hall*, 242 F.3d at 588. The seaman "must present evidence to the court that is sufficient to provide an evidentiary basis for the court to estimate his actual costs." *Id.* at 590. If the seaman "presents no evidence of actual expenses, [he] may not recover." *Id.* The seaman's burden is "'feather light,' and a court may award reasonable expenses, even if the precise amount of actual expenses is not conclusively proved." *Id.* at 588 (quoting *Yelverton v. Mobile Lab'ys., Inc.*, 782 F.2d 555, 558 (5th Cir. 1986)).

Though plaintiffs' burden is "feather light," it is a burden nonetheless. And here, plaintiffs have made no showing that they incurred any expenses covered by the obligations of maintenance and cure. As to maintenance, there is no evidence that decedent Urby incurred expenses for food or lodging arising out of his injury. The absence of this evidence is consistent with the brevity of Urby's illness: the record indicates that he became ill

9

around 5:00 p.m. and died shortly after 9:00 p.m.[30] Plaintiffs have also not submitted any evidence that the decedent somehow lost wages during these four hours. *Cf. In re Magnolia Fleet*, No. 16-12297, 2017 WL 4574198, at *2 (E.D. La. Oct. 12, 2017) (Milazzo, J.) (finding that no maintenance and cure was owed to a decedent seaman who died shortly after his vessel capsized). In sum, the record is devoid of any indication that defendants owe maintenance to Bryan Urby.

The same is true for cure. Plaintiffs purport to submit medical records reflecting costs incurred for Urby's treatment.[31] But the hospital invoice they submit plainly shows that no charges were incurred for Urby's medical treatment. Although the itemized medical charges total $11,576.75, the hospital gave Urby's account a negative adjustment of $11,576.75.[32] The adjustment consists of a "discount" of $7,524.89 and a "patient deceased adjustment" of $4,051.86.[33] As a result, Urby's "Total Payments" and "Patient Responsibility" both came out to $0.00.[34] Plaintiffs submit no other evidence of medical costs incurred. Indeed, their responses to defendants'

---

[30] R. Doc. 57-4 at 4; R. Doc. 83-11 at 4.
[31] R. Doc. 83 at 10 (citing R. Doc. 83-5).
[32] R. Doc. 83-5 at 1.
[33] *Id.* at 2.
[34] *Id.* at 1.

10

requests for production indicate that they have no other expense records.[35] The hospital invoice showing zero dollars paid thus constitutes the entire record as to Urby's medical costs. Plaintiffs have therefore failed to show that defendants owe cure to Bryan Urby.

Because plaintiffs cannot carry their burden to show that they incurred any expenses for food, lodging, lost wages, or medical treatment during the period when Urby was ill, defendants are entitled to summary judgment dismissing plaintiffs' claims for maintenance and cure.

It follows that plaintiffs may not recover punitive damages for defendants' failure to furnish maintenance and cure.[36] Though the Supreme Court has held that punitive damages are available for "the willful and wanton disregard of the maintenance and cure obligation," *Atl. Sounding Co.*, 557 U.S. at 424, plaintiffs have not shown that defendants failed to

---

[35] R. Doc. 83-7 at 22. Defendants' Request for Production No. 16 asked for "all records related to the expenses Christy Deakle, Kiara Urby, and/or Scarlet Urby ha[ve] or will incur as a result of the death of the decedent Bryan Urby, including, but not limited to, *medical bills, invoices, domestic services, food, clothing, shelter, and any other lists of charges and expenses*." *Id.* (emphasis added). Plaintiffs responded that they "do not have the documents requested at this time. Plaintiffs reserve the right to supplement this response in the future." *Id.* The discovery deadline has passed, *see* R. Doc. 21 at 2, and, other than the zero-dollar hospital invoice, plaintiffs submit nothing amounting to a supplement of this response.

[36] *See* R. Doc. 43 ¶ 32.

11

satisfy a maintenance-and-cure obligation to Urby, much less that there was a "willful and wanton disregard" of that obligation. Accordingly, plaintiffs' claims for punitive damages are without basis. Defendants are entitled to summary judgment dismissing plaintiffs' claims for punitive damages.

### C. Claims Brought by Kiara and Scarlett Urby

Defendants also move for summary judgment on claims brought by Kiara and Scarlett Urby, the children of plaintiff Christy Deakle and decedent Bryan Urby.[37] Defendants contend that all claims for survival and wrongful death must be brought by Deakle in her capacity as the personal representative of Bryan Urby.[38] Plaintiffs do not oppose defendants' motion for summary judgment on these claims.[39]

The Court notes that only Deakle and Kiara Urby are plaintiffs in this case. Scarlett Urby is not a plaintiff, and nothing in the complaint suggests that any claims are brought by Scarlett.[40] The Court therefore considers whether to dismiss claims brought by Kiara Urby.

---

37     R. Doc. 54-1 at 5-6.
38     *Id.* at 5.
39     R. Doc. 81 at 3.
40     *See* R. Doc. 43 ¶ 1 (naming plaintiffs as "Kiara Urby and Christy Deakle, Personal Representative of the decedent Bryan K. Urby and the natural mother of his only children Scarlet Urby and Kiara Urby"); *id.* ¶ 2 ("This action is brought by Kiara Urby and Christy Deakle.").

12

Because the Court has dismissed plaintiffs' claims under state law, and their claims for maintenance and cure under general maritime law, the plaintiffs' only remaining claims are those under the Jones Act and DOHSA. Under both the Jones Act and DOHSA, only the personal representative of a decedent seaman may bring an action to recover damages for the seaman's death. The Jones Act provides that, "if [a] seaman dies from [an] injury [in the course of employment], *the personal representative of the seaman* may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104 (emphasis added); *see also In re Sanco Holdings, A.S.*, 548 F. Supp. 2d 390, 395 (S.D. Tex. 2008) ("[U]nder both the Jones Act and general maritime law, only the personal representative of a decedent's estate has standing to sue for survival damages.") (citing *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 734-35 (5th Cir. 1978)). Similarly, DOHSA provides that, "[w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas . . . , *the personal representative of the decedent* may bring a civil action in admiralty against the person or vessel responsible." 46 U.S.C. § 30302 (emphasis added).

Here, Christy Deakle is the personal representative of decedent Bryan Burby's estate.[41] Therefore, any claims under the Jones Act or DOHSA must

---

41  R. Doc. 81-8.

13

be brought by Deakle in her capacity as Urby's personal representative, even if those claims are for damages to Urby's children as beneficiaries. The Court therefore dismisses Kiara Urby's claims insofar as she purports to bring direct claims under the Jones Act and DOHSA.

The Court has dismissed plaintiffs' state-law claims, its maintenance-and-cure claims, and any claims asserted by Kiara Urby under the Jones Act or DOHSA. This leaves Kiara with no remaining claims. Accordingly, Kiara Urby is dismissed as a plaintiff in this matter.

### D. Personal Claims of Christy Deakle

Defendants also move for summary judgment on claims for personal damages asserted by Christy Deakle.[42] They assert that, because Deakle has never been married to the decedent, she does not fit any statutory class of beneficiary, and therefore cannot recover damages under any of her asserted theories.[43] Specifically, defendants seek a dismissal of plaintiff Deakle's claim for damages for loss of consortium.[44] Plaintiffs do not oppose defendants' motion for summary judgment on this claim.[45]

---

[42] R. Doc. 56-1 at 3-5.
[43] *Id.* at 3-4.
[44] *Id.* at 2; *see* R. Doc. 43 ¶ 34.e.
[45] R. Doc. 81 at 3.

Having dismissed all of Deakle's claims under state law and general maritime law, the Court confines its inquiry to whether Deakle is entitled to personal damages under either the Jones Act or DOHSA.

Recovery under the Jones Act is statutorily limited to a particular group of beneficiaries, as defined by the Federal Employers' Liability Act ("FELA"). *See Miles*, 498 U.S. at 32 (stating that Congress "incorporate[ed] FELA unaltered into the Jones Act"). Under FELA, as incorporated into the Jones Act, the personal representative of a decedent worker has a cause of action "for the benefit of the surviving widow or husband and children of [the] employee; and, if none, then . . . such employee's parents; and, if none, then . . . the next of kin dependent upon such employee." 45 U.S.C. § 59; *see also Smith v. Omega Protein, Inc.*, 459 F. Supp. 3d 787, 791-92 (S.D. Miss. 2020) (dismissing a Jones Act claim by a decedent's personal representative where no statutory beneficiary of the decedent existed); *Ford v. Am. Original Corp.*, 475 F. Supp. 10, 13-14 (E.D. Va. 1979) (dismissing claims, under both DOHSA and the Jones Act, of a claimant who was not married to the decedent but who lived with the decedent and his children for several years). Here, because Christy Deakle and decedent Bryan Urby were never

married,[46] Deakle fits no category of FELA beneficiary. She is therefore not entitled to recover damages under the Jones Act.

The same is true under DOHSA, which provides that the authorized action "shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." 46 U.S.C. § 30302; *see also Tidewater Marine Towing, Inc., v. Curran-Houston, Inc.*, 785 F.2d 1317, 1320 (5th Cir. 1986) (affirming the dismissal of claims under DOHSA because the claimant was neither the legal nor common-law wife of the decedent); *Ford*, 475 F. Supp. at 13-14 (dismissing non-spouse claims under DOHSA and the Jones Act). Again, Deakle fits none of the statutory categories. She therefore lacks any claim for damages under DOHSA.

Accordingly, defendants are entitled to summary judgment dismissing Christy Deakle's claim for damages for loss of consortium.[47] The Court discerns no other personal claims by Deakle under the Jones Act or DOHSA, but to the extent any such claims exist, those too are dismissed.

---

46    R. Doc. 56-8 at 4.
47    R. Doc. 43 ¶ 34.e.

16

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions for partial summary judgment. The Court DISMISSES with prejudice: (1) plaintiffs' claims under state law, (2) plaintiffs' claims for maintenance and cure, and their claims for punitive damages arising thereunder, (3) claims brought by Kiara Urby, and (4) claims for personal damages as to Christy Deakle. The Court further DISMISSES Kiara Urby as a plaintiff.

New Orleans, Louisiana, this __23rd__ day of August, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE